IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
EASTERN DIVISION

| | |
|---|---|
| **BRITTANY ABRAMS,** § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:18-cv-374 |
| vs. § | JURY TRIAL DEMANDED |
| § | |
| **CAPITAL ONE SERVICES, LLC,** § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Brittany Abrams, hereinafter called Plaintiff, complaining of and about Capital One Services, LLC, hereinafter called "Defendant" or "Capital One", and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Brittany Abrams, is a citizen of the United States and the State of Texas and resides in Denton County, Texas.

2. Defendant Capital One Services, LLC may be served by serving Registered Agent, its agent authorized to accept service at Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### JURISDICTION

3. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 206(d), 215(3) and 216(b).

4. This action is brought the Equal Pay Act ("EPA") of 1963 as incorporated as a part of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d) and 29 U.S.C. § 215(3).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

6. Plaintiff worked in this District when the violations took place.

## NATURE OF ACTION

7. This action seeks actual damages, liquidated damages, attorney's fees, taxable costs of court, and interests as allowed by law for Defendant, Capital One's ("Defendant") failure to pay Plaintiff, Brittany Abrams ("Plaintiff"), a female, equally for performing substantially similar work that involved the same effort, skill, responsibility, and working conditions as male employees in violation of the Equal Pay Act ("EPA") of 1963 as incorporated as a part of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.

8. This action also seeks damages under 29 U.S.C. § 215(3) because Defendant retaliated against her by constructively terminating her employment because she complained that she was being paid less than male employees performing the same work.

## CONDITIONS PRECEDENT

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA of Plaintiff under 29 U.S.C. § 203(d). Defendant exercised ownership and operational control over Plaintiff concerning her employment.

10. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

11. Defendant has had, and continues to have, an annual gross business volume in excess of the statutory minimum.

**FACTS**

12.     Brittany Abrams began working for Capital One on July 16, 2012, upon graduation from college and was selected for the Technology Development Program geared toward growing future leaders. She excelled in this position and received 2 promotions in the next 2.5 years. Ms. Abrams meet and/or exceeded expectations throughout her tenure.

13.     In 2016, she transferred to the Human Resources Department and joined the HR Analytics team with the title of: Data Analyst. Ms. Abrams retained this title, although she quickly began performing the duties of a Business Analyst. Rick Kinnahan was originally her co-worker in the HR Department and he held the title of Business Analyst. Ms. Abrams co-produced all major projects and BAU with Rick throughout 2017. Thus, she was performing the duties of a Business Analyst, but was not given the title or paid at this higher level. When Rick transferred to another department, all of the work that he had previously performed with Ms. Abrams was transferred solely to her.

14.     On February 16, 2018, Ms. Abrams received a performance review that indicated she was working at or above her targets.

15.     Although she was clearly performing the Business Analyst duties, Ms. Abrams was not promoted or given a pay raise. Instead, two males were hired and both were given the title and pay grade of a Business Analyst. Both men have been performing the same work as Ms. Abrams, yet she is paid substantially less. Neither man has been with Capital One as long as Ms. Abrams or performed the duties of this role as long as Ms. Abrams. One of the men has only been with Capital One for seven months, yet makes approximately $39,000/year more than Ms. Abrams. The other male also has less tenure than Ms. Abrams and holds only a BS degree. In contrast Ms. Abrams has a BE in Electrical Engineering and an MBA, yet this male co-worker

makes approximately $14,000/year more than Ms. Abrams.  Although both men have skills in SQL, neither has R or Tableau skill sets like Ms. Abrams.

16. The disparity in title and pay is shocking, yet when Ms. Abrams requested a compensation review, Capital One informed her that she was being paid appropriately.   After requesting the compensation review, her supervisor for the first time began scrutinizing and criticizing her work.

17. Realizing that she was being discriminated against in her pay and was now being set up for termination in retaliation for her inquiry, she was compelled to resign on April 2, 2018.

## COUNT 1: DISCRIMINATION UNDER THE EQUAL PAY ACT

18. Plaintiff incorporates the preceding paragraphs by reference.

19. Defendant, Capital One, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.  Under the Equal Pay Act, no employer having employees subject to the FLSA's minimum wage requirements, shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which it pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions under 29 U.S.C. § 206(d)(1).

20. As a result of Defendant's under compensation of Plaintiff, she is owed the difference between the amount Defendant paid her and her similarly situated male colleagues. Because the Defendant's actions were willful, Plaintiff is also entitled to an additional award of liquidated damages.

## COUNT 2: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## RETALIATION

21. Plaintiff incorporates the proceeding paragraphs by reference.

22. Defendant terminated Plaintiff's employment because she engaged in protected activity under 29 U.S.C. § 215(a)(3), specifically, Plaintiff requested a compensation review and complained to Defendant that she was being paid less that her male coworkers performing the same work. Defendant concluded she was being paid appropriately. Thereafter, her supervisor began harassing her by unjustly scrutinizing and criticizing her work and setting her up for termination.

23. Capital One made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages as a result of the constructive discharge which Plaintiff herein sues.

## DAMAGES

24. Plaintiff sustained and seeks the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Back pay for the difference in her pay rate and that of the similarly situated males performing the same work;

    b. Back pay from the date of her termination (at the pay rate as adjusted to equal the amount of pay that the similarly situated males performing the same work were paid)

    c. Front pay;

    d. Lost benefits (past and future);

  e.  Liquidated damages as permitted by law;

  f.  Equitable relief as may be appropriate

  g.  Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

  h.  Reasonable and necessary fees and other costs incurred in pursuit of this suit as permitted by law;

  i.  Pre-judgment interest (and post-judgment interest if any) as permitted by law;

  j.  Further relief that this court may deem just, proper and equitable.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Brittany Abrams, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; attorneys fees, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

Respectfully submitted,

Albin Roach, PLLC

By: /s/ Laura E. Calhoun
Laura E. Calhoun – Lead Counsel
Texas Bar No. 06342400
Email: lcalhoun@albinroach.com
Baleigh Walker
Texas Bar No. 24098566
Email: bwalker@albinroach.com
John Mongogna
Texas Bar No. 240026727
E-mail: jmongogna@albinroach.com
5665 Dallas Parkway, Suite 200
Frisco, TX 75034
Tel. (214) 423-5100
Fax. (214) 423-5111

**ATTORNEYS FOR PLAINTIFF BRITTANY ABRAMS**